CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 0 1 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT THEODORE BARDEAU, | ) |
| Plaintiff, | ) Case No. 7:11CV00081 |
| v. | ) MEMORANDUM OPINION |
| MICHAEL MONDUL, STEVEN MARTIN, | ) By: Glen E. Conrad |
| Defendants. | ) Chief United States District Judge |

Plaintiff Robert Theodore Bardeau, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Bardeau sues the Danville City Sheriff and one of his captains, complaining that these individuals have failed to provide him with an attorney to assist him in bringing a civil lawsuit against certain jail deputies who allegedly assaulted Bardeau. Upon review of the record, the court finds that this complaint must be dismissed.

## Background

Bardeau alleges that unidentified deputies of the Danville City Jail assaulted Bardeau on January 2, 2011. Thereafter, Bardeau allegedly filed numerous grievances to jail officials, concerning the alleged assault, asking for medical treatment, complaining about "not being allowed to take legal action against said deputies," and seeking appointment of counsel for his civil action. He asserts that a Danville Code provision, #29-6, requires the sheriff to "give [him] an attorney" because he is indigent. He contends that despite his numerous requests for counsel "to go forward with [a] civil action against Danville City Jail," the sheriff and captain have failed

to provide him with counsel for this purpose and are thus in violation of Code #29-6. In addition, Bardeau asserts, "I have also attempted to get papers not[a]rized, but I've rec[ei]ved no response," and "[o]nly 1 grievance has been responded to[,] the rest ignored." As relief, he seeks monetary damages, legal counsel, and the ability to "swear warrants."

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The court is required to dismiss any action or claim filed by a prisoner proceeding in forma pauperis if it determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). After a review of Bardeau's allegations as amended, the court concludes that the complaint must be summarily dismissed as legally frivolous.

Section 1983 was intended to protect only federal rights guaranteed by federal law. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). State officials' failure to abide by state or local law as to procedural protections does not present a federal due process issue, Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990), and is, therefore, not actionable under §1983. Bardeau's complaint alleges that the defendant jail officials have violated a city code section by failing to provide him with an attorney to help him bring a civil action. Even if proven, such state law violations are not actionable under § 1983.

Moreover, Bardeau has no absolute constitutional right to appointment of counsel to assist him in bringing a civil lawsuit in this court. Only under exceptional circumstances does

the court request an attorney to represent an indigent, civil plaintiff who has filed a colorable legal claim, but lacks the capacity to present it.[1] Gordon v. Leeke, 574 F.2d 1147, 1173 (4th Cir. 1978); Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). This limited constitutional right to counsel, however, does not obligate jail officials to obtain counsel to assist a would-be litigant in instigating a new lawsuit in state or federal court or, for that matter, to assist in filing criminal warrants in state court against anyone. Therefore, the court finds no respect in which Bardeau could show that the defendants named in this action have violated Bardeau's constitutional rights by failing to obtain counsel for him and will dismiss all such claims, pursuant to § 1915A(b)(1).

Bardeau's other claim in this lawsuit is that jail officials have not responded appropriately to grievances that he has filed.[2] Inmates do not have a constitutionally protected right to a grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Accordingly, an official's failure to comply with a jail's existing grievance procedure is not actionable under § 1983. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Therefore, Bardeau's claims concerning officials' lack of response to his grievances are not actionable under § 1983 and must be dismissed, pursuant to § 1915A(b)(1).

---

[1] If Bardeau filed a civil rights lawsuit under § 1983 in this court against the jail deputies who allegedly assaulted him, he could then move for court appointment of counsel to assist him, once the court could review his claims and assess whether such an appointment was constitutionally warranted. In his current complaint, however, Bardeau states only that he wants to bring a lawsuit against the deputies involved in the assault, but he has not stated any claims against the individuals involved in the alleged assault.

[2] As stated, Bardeau also complains that he has been unable to have unidentified documents notarized. He does not, however, indicate any respect in which the lack of notary services has violated his constitutional rights. He is also advised that a complaint to be submitted to this court does not need to be notarized; rather, it needs to be verified, which means signed under penalty of perjury, as indicated on the § 1983 form that he used to file this lawsuit.

## Conclusion

For the stated reasons, the court finds no legal basis to support any claim actionable under § 1983, based on the allegations in Bardeau's complaint. Therefore, the court will dismiss the entire complaint without prejudice, pursuant to § 1915A(b)(1), as legally frivolous. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 1st day of March, 2011.

/s/ Glen Conrad
Chief United States District Judge